UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAYNE GATEWOOD et al.,

    Plaintiffs,

v.

DEBORAH TAITT, et al.,

    Defendants.
                                     /

Case No. 13-11181

HONORABLE DENISE PAGE HOOD

**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS**
**and**
**ORDER TO SHOW CAUSE WHY THE CASE SHOULD NOT BE REMANDED**

On March 18, 2013, Defendant Deborah Taitt filed a Notice of Removal of a case from Wayne County Circuit Court, Case No. 12-007968. (Doc. No. 1)  The Complaint is not attached to the Notice of Removal.  The Court is unable to determine whether it has subject matter jurisdiction over the claims alleged in the Complaint.  Defendant Taitt asserts that this case is related to a case removed by the United States, Case No. 13-11102.  Defendant Taitt further asserts that her First Amendment constitutional rights would be violated if the Court does not exercise supplemental jurisdiction over the claims in this case.

The federal district court is a court of limited jurisdiction.  The district court is only empowered to hear those cases that (1) are within the judicial power of the United States as defined in Article III of the Constitution and (2) that have been entrusted to the district court by a jurisdictional grant of Congress.  *Hodgson v. Bowerbank*, 9 U.S. 303 (1809); *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694 (1982).  The presumption is that a federal court lacks jurisdiction in a particular case until it has been demonstrated that jurisdiction over the subject matter exists.  *Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 327, 337 (1895).  The

intent of Congress to drastically restrict federal jurisdiction in controversies between citizens of different states has always been rigorously enforced by the courts. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-291 (1938). The facts showing the existence of jurisdiction must be affirmatively alleged in the Complaint. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936); Fed. R. Civ. P. 8(a)(1). If these facts are challenged, the burden is on the party claiming jurisdiction to demonstrate that the court has jurisdiction over the subject matter. *Thomson v. Gaskill,* 315 U.S. 442 (1942). "If the court determines at any time it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *Liberty Mutual Ins. Co. v. Wetzel*, 424 U.S. 737 (1976). The existence of subject matter jurisdiction generally is a question of law. *Greater Detroit Resource Recovery Author. v. United States*, 916 F.2d 317, 319 (6th Cir. 1990). The Court of Appeals reviews a district court's factual determinations regarding jurisdictional issues for clear error. *Gafford v. General Electric Co.*, 997 F.2d 150, 155 (6th Cir. 1993).

Plaintiffs asserts federal question subject matter jurisdiction under 28 U.S.C. § 1331. However, as noted above, the Complaint is not attached to the Notice of Removal. The Court is unable to determine whether it has subject matter jurisdiction over the claims in the Complaint. It is the party claiming jurisdiction, in this case, Defendant Taitt, to demonstrate that this Court has subject matter jurisdiction over the Complaint only (not as it relates to other cases) filed before the Wayne County Circuit Court, Case No. 12-007968.

Accordingly,

IT IS ORDERED that Defendant Deborah Taitt's Application to Proceed In Forma Pauperis (No. 2) is GRANTED, the Court finding that the Application supports pauper status.

IT IS ORDERED that Defendant Deborah Taitt show cause *in writing* by **April 29, 2013,** why this case should not be remanded for lack of subject matter jurisdiction.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: April 18, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 18, 2013, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager